**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | |
|---|---|
| LEETOSHA HENRY, *et. al* | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Case No. 1:14-cv-00396 |
| | ) |
| H.B.L., LLC, *et. als* | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT PENSKE AUTOMOTIVE GROUP, INC's MOTION TO DISMISS**

COME NOW, the Plaintiffs, Leetosha Henry and Zachary Henry, by Counsel, and in support of their opposition to Defendant Penske Automotive Group Inc's Motion to Dismiss state as follows:

## I. FACTS [1]

Defendant Penske Automotive Group, Inc., in support of its motion to dismiss seeks to impart into these proceedings a document (the "Buyer's Guide") that fails, on its face, to follow the Federal Trade Commissions' Used Motor Vehicle Trade Regulation Rule (hereinafter the "used car rule") found at Title 16 C.F.R. Part 455, *et seq*. Under Fed.R.Civ.P. 12(d) the introduction of the Buyer's Guide converts the motion to dismiss to a motion for summary judgment. It is clear that the Buyer's Guide was not a part of the contract as Defendant contends, in error, because the FTC's Used Motor Vehicle Trade Regulation Rule required HBL to do the

1 In the interest of brevity, the detailed factual background and argument sections from Plaintiffs' Memorandum in Opposition to Defendant HBL's Motion to Dismiss are incorporated by reference into this Memorandum in Opposition to Penske Automotive Group Inc.'s Motion to Dismiss.

following:

> (f) if a dealer includes an optional signature line on the Buyer's Guide, the dealer "must include a disclosure in immediate proximity to the signature line stating: 'I hereby acknowledge receipt of the Buyer's Guide at the closing of this sale.'"

16 C.F.R. 455.2 (f).

Defendant Penske Automotive Group is clearly mistaken when it repeatedly asserts that the Magnuson-Moss Warranty Act only applies to written warranties. The argument of the Defendants is plainly rejected by the statutory language of the Magnuson-Moss Warranty Act. *See,* Title 15, United States Code, §§ 2301, 2301(7), 2310. The Defendant's theory that Magnuson-Moss only applies to written warranties and does not apply to implied warranties is unmistakably refuted by relevant case law. The Court in Doll v. Ford Motor Company, 814 F.Supp 2d 526 (D.Md.2011) held that the Magnuson–Moss Warranty Act ("Act"), 15 U.S.C. § 2301, et seq., provides a method for consumers to sue a warrantor for violations of a written **or** implied warranty. Id at 545. (citing Schimmer v. Jaguar Cars, Inc., 384 F.3d 402, 405 (7th Cir.2004). (Emphasis added). While the Act proscribes minimum federal requirements for "full" warranties, see 15 U.S.C. § 2304(e), it generally "**calls for the application of state written and implied warranty law, not the creation of additional federal law**." Doll v. Ford Motor Company, 814 F.Supp 2d 526 (D.Md.2011) (quoting Monticello v. Winnebago Industries, Inc., 369 F.Supp.2d 1350, 1356 (N.D.Ga.2005) (Emphasis added). As a result, it is clear that the Magnuson–Moss Warranty Act supplements, rather than supplants state law. Id.

## II. MOTION TO DISMISS STANDARD OF REVIEW

Rule 8(d), Fed.R.Civ.P., requires the allegations within the pleadings merely be "simple, concise, and direct. No technical form is required." In the event a pleading is deficient, courts should generally grant the non-moving party an opportunity to cure the deficiencies in the

complaint." *See*, Dockside Association v. Detyens, Simmons, et. al., 297 S.C. 91, 95, 374 S.E.2d 907, 909 (Ct. App. 1988). Federal Rule of Civil Procedure 15(a) provides that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading."

"A motion to dismiss is not a 'responsive pleading' within the contemplation of Rule 15(a). Fed.R.Civ.P. 7(a); Vanguard Military Equipment Corp. v. David B. Finestone Co, 6 F.Supp.2d 488, 492 (E.D.Va 1997) (motion is not a responsive pleading); Wallace v. Chrysler Credit Corp., 743 F.Supp.1228, 1236 (W.D.Va.1990)(motion to dismiss is not responsive pleading for purposes of Rule 15)." Johnson v. Portfolio Recovery Associates, LLC, 682 F.Supp 2d 560 (E.D.Va.2009). An analysis of a 12(b)(6) Motion is context specific and requires the "reviewing court to draw on its judicial experience and common sense." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir.2009). "[N]aked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." *Id.* In short, the Court must assume Plaintiffs' well-pleaded factual allegations to be true, and determine whether those allegations "plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009),

United States District Judge Anthony Trenga addressed ruling on Rule 12(b)(6) Motions to Dismiss after Iqbal and Twombly in McCune v. National City Bank, 701 F. Supp. 2d 797 (E.D. Va. Mar. 24, 2010) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)):

> A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the Complaint and does not resolve contests surrounding the facts or merits of a claim. *See*: Randall v. United States, 30 F.3d 518, 522 (4th Cir.1994); Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1994). A claim should be dismissed "if, after accepting all well-pleaded allegations in the plaintiff's complaint as true ... it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Hatfill v. The New York Times Co., No. 04–cv–807, 2004 WL 3023003, at *4 (E.D.Va. Nov. 24, 2004)

(quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir.1999)); see also Trulock v. Freeh, 275 F.3d 391, 405 (4th Cir.2001). In considering a motion to dismiss, "the material allegations of the complaint are taken as admitted." Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969) (citations omitted). Moreover, "the complaint is to be liberally construed in favor of plaintiff." Id.; see also Bd. of Trustees v. Sullivant Ave. Properties, LLC, 508 F.Supp.2d 473, 475 (E.D.Va.2007). *Id.*

The Fourth Circuit similarly states the standard in E.I. Du Pont Demours and Company v. Kolon Indistries, Inc., 637 F.3d 435 (4th Cir. 2011):

> When ruling on a Rule 12(b)(6) motion to dismiss, "a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). To survive the motion, a complaint (or counterclaim, as is the case here) must contain sufficient facts to state a claim that is "plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Nevertheless, a complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Coleman v. Md. Ct. of Apps., 626 F.3d 187, 190 (4th Cir.2010) (internal quotation marks omitted). Further, "like the district court, [we] draw all reasonable inferences in favor of the plaintiff." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir.2009).
>
> * * *
>
> In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint. Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir.2007); Phillips v. LCI Int'l Inc., 190 F.3d 609, 618 (4th Cir.1999) (stating that "a court may consider [a document outside the complaint] in determining whether to dismiss the complaint" where the document "was integral to and explicitly relied on in the complaint" and there was no authenticity challenge). However, the district court cannot go beyond these documents on a Rule 12(b)(6) motion; if it does, it converts the motion into one for summary judgment. Fed.R.Civ.P. 12(b), 12(d), 56.
>
> * * *
>
> Additionally, statements by counsel that raise new facts constitute matters beyond the pleadings and cannot be considered on a Rule 12(b)(6) motion. Dolgaleva v. Va. Beach City Pub. Sch., 364 Fed.Appx. 820, 825 (4th Cir.2010) (citing Hamm v. Rhone–Poulenc Rorer Pharms., Inc., 187 F.3d 941, 948 (8th Cir.1999)); cf. Smith v. Local No. 25, Sheet Metal Workers Int'l Ass'n, 500 F.2d 741, 744–45 (5th Cir.1974) (treating a Rule 12(b)(6) dismissal order as converted into summary judgment because district court relied on materials outside the pleadings, including oral argument). In Dolgaleva, rather than considering only the face of the complaint, the district court allowed the defendant to dispute allegations during a hearing. The district court then improperly dismissed the complaint based on statements the defendant made at the hearing. Dolgaleva, 364

Fed.Appx. at 825–26. (citing Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir.2001) (finding error where the district court "assumed the existence of facts that favor defendants based on evidence outside plaintiffs' pleadings, [and] took judicial notice of the truth of disputed factual matters")).

## III. ARGUMENT

Under Virginia choice of law principles, the law of the state of incorporation determines when the corporate form will be disregarded and liability will be imposed on shareholders. Int'l Bancorp, L.L.C. v. Societe Des Baines De Mer Et Du Cercle Des Etrangers A Monaco, 192 F.Supp.2d 467, 477 n. 18 (E.D.Va.2002) (citing Morrow v. Vaughan-Bassett Furniture Co., 173 Va. 417, 4 S.E.2d 399, 401 (Va.1939)). Because HBL, L.L.C. is a Delaware limited liability company, Delaware law determines whether the corporate veil can be pierced in the case at bar.

Delaware law permits a court to pierce the corporate veil of a company "where there is fraud or where [it] is in face a mere instrumentality or alter ego of its owner." Geyer v. Ingersoll Publications Co, 621 A.2d 784, 793 (Del.Ch.1992). To prevail on an alter ego claim under Delaware law, Plaintiffs need to show that (1) the parent and the subsidiary "operated as a single economic entity" and (2) that an "overall element of injustice or unfairness . . . [is] present." Harper v. Delaware Valley Broadcasters, Inc. 743 F.Supp. 1076, 1085 (D.Del. 1990), aff'd 932 F.2d 959 (3d Cir. 1991).

In the case at bar, the Plaintiffs will seek to pierce the corporate veil of HBL, LLC to reach Penske Automotive Group, Inc., its sole member. In Outokumpu Eng'g Enters, Inc. v. Kvaerner Environpower, Inc., 685 A.2d 724, 729 (Sup.Ct.Del.1996), the Court held that "to demonstrate 'overall unfairness', a plaintiff need not show fraud on the part of the corporation but must show some 'abuse of the corporate form' or 'elaborate shell game' to effect an injustice.

The Plaintiffs contend Penske Automotive Group, Inc. and HBL, LLC d/b/a Audi of Tyson's Corner function as a single economic unit. Penske Automotive Group, Inc. and HBL clearly operate in a manner that is designed to mislead or deceive the public. *See,* Complaint ¶ 3; see also, attached **Exhibit A** (Audi of Tyson's Corner's Website). For example, Audi of Tyson's Corner identifies itself as "a PENSKE Automotive Dealership" and refuses to identify to the consuming public that Audi of Tyson's Corner is a HBL, LLC dealership. *See,* attached **Exhibit A** and Complaint ¶ 3. By Defendant's own admission the Buyer's Order generally identifies Audi of Tyson's as the seller, not HBL. *See,* Docket Number 50, at Pg. 1. The piercing of the veil is justified because the unity of interest and ownership is such that the separate personalities of the corporation and the partnership no longer exist, and adherence to that separateness would create an injustice.

## IV. CONCLUSION

WHEREFORE, Penske Automotive Group, Inc. is aware of the true nature of each of the Plaintiffs' claims and fails to demonstrate that it should be excluded from liability under Counts 1-8 of the Complaint that sufficiently allege violations of both Virginia law and federal law. Accordingly, Plaintiffs Leetosha Henry and Zachary Henry respectfully request that this Honorable Court overrule Penske Automotive Group Inc's 12(b)(6) Motion to Dismiss and allow this case to proceed against Penske Automotive Group, Inc. Plaintiffs also request that the Court award Plaintiff's their fees and costs incurred in opposing HBL's 12(b)(6) Motion to Dismiss. Should the Court sustain Defendants' Motion to Dismiss on any Count or find the Complaint requires further clarification or detail, the Plaintiffs make a general motion for leave to amend their Complaint.

Respectfully submitted,

**LEETOSHA HENRY AND ZACHARY HENRY**

By: /s/
Geoffrey S. Burke

Geoffrey S. Burke, VSB # 75728
Burke Law, P.L.C.
602 Cameron Street
Alexandria, Virginia 22314
(703) 665-4454, Telephone
(703) 649-6224, Facsimile
gburke@burkelawpractice.com
*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 2nd day of July 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which then sends a notification of electronic filing (NEF) to the following:

Robert E. Worst, VSB # 44664
Counsel for Penske Automotive Group, Inc.
Counsel for HBL, LLC d/b/a Audi of Tyson's Corner
Kalbaugh, Pfund & Messersmith, P.C.
3950 University Drive, Suite 204
Fairfax, Virginia 22030
(703) 691-3331 (Tel)
(703) 691-3332 (Fax)
Robert.Worst@kpmlaw.com

/s/
Counsel